Submitted on briefs December 21, 1923, affirmed as modified
February 19, rehearing denied March 4, 1924.

# JACOB KASKI ET AL. *v.* MATT KEMPPAINEN ET AL.

(222 Pac. 1104.)

**Corporations—Where, by Statute, By-laws must be Adopted by Incorporators or Successors in Office, Membership at Large cannot Do so.**

1. Under Sections 7002, 7003, Or. L., relating to the incorporation of societies and providing that by-laws must be adopted by the incorporators or their successors in office, the membership at large of an incorporated society could not legally adopt by-laws, the effect of which would be to automatically drop from membership persons six months in arrears of dues.

**Injunction—In Absence of Evidence Showing Defendants Threatened or Intended to Appropriate Corporate Property to Their Own Use, Held Bill for Injunction Properly Dismissed.**

2. In an action by members of an incorporated association who were claimed by the association and other members thereof to have been expelled, brought for the purpose of restraining the sale or disposition of the corporate property, where there was no evidence showing that defendants threatened or intended to appropriate to their own use the property of the society, it was not error to dismiss the suit.

From Clatsop: J. U. CAMPBELL, Judge.

In Banc.

AFFIRMED AS MODIFIED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. J. O. Erickson* and *Messrs. G. C. & A. C. Fulton.*

For respondents there was a brief over the name of *Messrs. Norblad & Hesse.*

BURNETT, J.—The defendant, Suomi Temperance Society, is a charitable or educational corporation organized under the provisions of Chapter IX, Title XXXIX, Or. L., having its object

See 14 C. J., p. 353; 32 C. J., p. 43.

"to promote temperance and also to afford social advantages and privileges to its members and others and also to promote literature among its members and the general welfare of its members and their friends by any honorable means that may be available."

Fifty-four plaintiffs, suing for themselves as well as all other members of the society, aver that they are in good standing in the defendant society and have been such during all the times mentioned in their complaint. It is stated in the complaint that the society has real property in the City of Astoria above the value of $35,000. They aver that the defendants, consisting of twelve individuals and the society itself acting together, deny the plaintiffs are the members of the corporation, have excluded them and all other members of the society, several hundred in number, from the corporation and from participating in the benefits thereof and have wrongfully declared themselves to be the sole members of said society, have usurped and intruded upon all the offices of the corporation and threaten to and will, unless restrained by the court, sell the assets of the concern and appropriate them to their own use and will continue to exclude the plaintiffs from the benefits of the society. They aver that the defendants have rented the property for large sums of money and refuse to account to plaintiffs therefor or permit plaintiffs to examine the books of the corporation; that they have taken possession of all its property, records, archives and seal, refuse to allow other people to become members thereof, and that if the premises be sold, as the defendants threaten to do, the objects and purposes of the society will be diverted from the powers and duties provided in the articles of incorporation. In substance their prayer is that

the defendants and the corporation be enjoined from selling or attempting to sell or dispose of or mort-. gage or otherwise incorporate the premises mentioned; that the plaintiffs be adjudged to be members in good standing of the defendant society, and that the individual defendants be enjoined and restrained from interfering with the plaintiffs in such membership; that an accounting be had between the defendants and the defendant corporation and that judgment be entered against them for any deficit, and for further relief.

The answer admits the existence of the corporation, its ownership and possession of the property and admits that the defendants deny the membership of the plaintiffs therein and have excluded and still exclude the plaintiffs from participating in the management and in the meetings of the concern and that they have denied plaintiffs admission into the hall and the right to inspect the books, archives, and records of the society or to interfere or intermeddle therein, but deny all other allegations of the complaint. A demurrer was sustained to a further and separate answer which may be dismissed without further consideration, for the court entered a decree dismissing the suit and the defendants have not appealed.

The defendant society seems to be an association of Finnish-speaking people in Astoria, designed principally to promote temperance in that community. The articles of incorporation, under date of November 17, 1893, named three members as corporators who, by Article IV, are declared to be trustees to be elected annually on the first Friday in October by a vote of the majority of the members of said society present and voting.

Sections 7001, 7002 and 7003 of Or. L. read thus:

"Sec. 7001. The articles of incorporation shall specify: 1. The name assumed by the corporation and by which name it shall be known, and the duration of the same, if limited; 2. The object, business or pursuit of said corporation; 3. The estimated value of property and money possessed by said church or society at the time of making said articles of incorporation, and the sources of revenue or income; 4. The title of the officers or trustees making such articles, and their postoffice address, and the mode and times of the election of their successors in office; 5. The location of said church or society.

"Sec. 7002. Upon the making and filing of articles of incorporation as herein provided, the persons subscribing the same, and their successors in office, associates, and assigns, by the name assumed in such articles, shall thereafter be deemed a body corporate with power: 1. To sue and be sued: 2. To contract and be contracted with; 3. To have and use a corporate seal, and the same to change at pleasure; 4. To purchase, receive, possess and dispose of such real and personal property as may be necessary or convenient to carry out the objects of said corporation; 5. To make by-laws, not inconsistent with any existing law, for the government of its affairs and the management of its property.

"Sec. 7003. The powers vested in such corporation are exercised by the corporators and their successors in office; provided, that said vested powers may be exercised by a majority of said corporators or successors; and any one of said corporators or successors may verify any pleading made by the corporation, and required by law to be verified."

The original by-laws of the institution were admitted without objection. Section 6 of Chapter 2 thereof reads thus:

"A member who leaves three months' membership, or other dues unpaid, shall be expelled from the society, unless he gives a satisfactory explanation to

the society. However, if possible, he is to be notified thereof before expulsion.''

Section 4 of Chapter 4 reads thus:

''The financial secretary receives all moneys coming to the society and membership dues and shall turn them over to the treasurer upon receiving a receipt therefor. He shall also take care of the bookkeeping and register of membership, and on the first meeting of each month give notice to the society of those members who are three months behind in their dues, and also to send notice to members who are two months behind in their dues if possible.''

1. Almost the entire effort in testimony on the part of the plaintiffs was to call them one by one and have them testify that they were admitted to membership in the society, either at the outset or later on, and that many years had passed and they had not received any notice of their expulsion. With practical uniformity each one of them testified on cross-examination that he had not paid any dues to the society for many years, some as much as twenty-five years, and had not attended any meetings of the concern. During the progress of the trial the complaint was dismissed by counsel for plaintiff as to a few of the plaintiffs. An effort was made on be-behalf of the defendants to prove the adoption of a later set of by-laws in 1920, the effect of which would be automatically to drop from membership any one who was six months in arrears of dues, without notice or opportunity to be heard in his defense. It was disclosed, however, that these by-laws were promulgated so far as lawfully they could be by the direct vote of the membership, said to amount at that time to thirteen. The statute (Section 7003), however, says that ''the powers vested in such corporation are exercised by the corporators and their

successors in office." As we have already seen, among the powers of the corporation is one "to make by-laws not inconsistent with any existing law for the government of its affairs and management of its property." A plain reading of these two sections disclose that whatever by-laws are to be adopted, must be adopted by the corporators or their successors in office and not by the membership at large of the institution. Hence the second set of by-laws must be laid out of the case, not having been legally enacted by the corporators or their successors in office as an exercise of corporate power.

2. It is not pretended in the testimony or in averment that any of the plaintiffs had received notice of their delinquency or had had an opportunity, in pursuance of such notice, to give a satisfactory explanation to the society to account for their delinquency. Membership in the institution is a valuable right of which a member cannot be deprived except in accordance with the rules of the society. Passing this, however, there is an utter lack of any evidence tending in the least to show that the defendants threaten or intend to appropriate to their own use the property of the society. This of itself would defeat the suit for want of proof of the allegations of the bill. It seems that many members, amounting to a great majority, have allowed their interest in the society to lag and fall into innocuous desuetude. They have not done equity by liquidating their financial obligations to the defendant society. The twelve defendants, according to the testimony, have kept the light burning, dimly perhaps, but have been faithful to their membership. They have not shown any right to exclude the plaintiffs from their membership rights and the latter are not in court with clean hands.

A fair settlement of the issue, on a careful examination of the testimony, is to dismiss the suit without prejudice and to that extent to affirm the decree of the Circuit Court without costs or disbursements in this court to either party.

MODIFIED AND AFFIRMED.   REHEARING DENIED.